463 So.2d 5 (1984)
Lloyd DOUGLAS
v.
G.H.R. ENERGY CORPORATION, TCP Construction Co., Teledyne-Faris Corporation, Groth Manufacturing Co., Inc. and "John Doe" (Case No. 23,315 and Consolidated Cases).
No. 84-C-641.
Court of Appeal of Louisiana, Fifth Circuit.
December 19, 1984.
*6 Patrick F. Lee, Joseph R. Ward, Jr., New Orleans, for relator.
Christopher T. Grace, Jr., John P. Manard, Jr., John J. Weigel, Robert E. Couhig, Jr., Edward F. Downing, III, Donald A. Hammett, Benjamin R. Slater, III, New Orleans, for respondent.
Before CURRAULT, GRISBAUM and DUFRESNE, JJ.
CURRAULT, Judge.
This matter arises from an explosion and fire which occurred at Good Hope Refinery on June 19, 1981. Twelve individuals filed separate lawsuits seeking damages allegedly sustained in the accident. All lawsuits have been consolidated for trial by jury beginning March 4, 1985.
Three plaintiffs, Tim Youngwirth, Kevin Novak and Oliver Watson, filed motions for pre-trial ruling on admissibility of certain evidence; namely three separate audio-videotapes depicting the debridement procedures each of the above named plaintiffs underwent while in the burn unit of East Jefferson Hospital immediately following the accident.
Following separate hearings on each video, the trial judge ruled that:
(1) the audio-videotape debridement procedure of plaintiff, Tim Youngwirth, would be admissible into evidence to the jury, subject to various editions ordered by the court;
(2) the audio-videotape debridement of Kevin Novak would be admissible into evidence to the jury, subject to various editions to be performed jointly by plaintiff's counsel and counsel for defendants; and
(3) the audio-videotape debridement procedure of plaintiff, Oliver Watson, would be admissible into evidence to the jury.
Relator, Groth Equipment Corporation of Louisiana, has applied to this court for supervisory writs of certiorari, prohibition or mandamus alleging the trial court erred in granting plaintiffs' pre-trial motions admitting into evidence the audio-videotapes depicting debridement procedures performed on plaintiffs. We grant the writ to decide whether or not the possible prejudicial and inflammatory effect of these audio-videotapes might have outweighed their probative value.
This exact issue was addressed in Thomas v. C.G. Tate Construction Company, Inc., 465 F.Supp. 566 (D.S.C.1979). In Thomas, supra, plaintiff sustained serious burns on April 6, 1978, and sought to admit an audio-videotape, essentially depicting a debridement session, produced five weeks later.
The Thomas court recognized that the tape depicted less than one half hour of a recuperative period which required many months, and noted that the tape would have such impact that the jury would place an inordinate amount of weight on this isolated portion of the recuperation period. The court held that the tape "definitely incites extreme sympathy for the plaintiff and would inflame the average person", 465 F.Supp. at 569; and in balancing the probative value of the tape with the prejudicial *7 effect it would have on the jury, noted the following at page 571:
The novelty of using a videotape in the courtroom in and of itself may make the tape stand out in the minds of the jury. Unquestionably, it will dominate the evidentiary scene. This court is greatly concerned that its dominating effect will distract the jury from its proper consideration of other issues they will be called on to decide. The court can conceive of no way in which the defendant can possibly depict with equal impact those periods of time during the plaintiff's recovery process when he was either free of pain or relatively speaking, free of pain. Defendant has never had the opportunity of preserving such periods and being able to present them in such a dramatic way. In this court's judgment, no amount of testimony from the attending physician, nurses, etc., could possibly offset the dramatic effect of the audio-videotape in question.
This court, weighing the probative value against the prejudicial probability, on balance, finds that the probative value is substantially outweighed and overshadowed by the danger of unfair prejudice and rules that the film must not be allowed in evidence. The court is mindful, in making this ruling, that not only will the plaintiff be available to testify, but the doctor, the wife, and the therapist. There is nothing to keep them from testifying as to the pain and suffering which they witnessed, or which they believe to be true because of the subjective symptoms emanating from the plaintiff himself. It is, of course, admissible.
Respondents cited the trial court in Reggio v. Louisiana Gas Service Service Company, 333 So.2d 395 (La.App. 4th Cir. 1976), writ denied, 337 So.2d 187, as supporting authority for their position. However, the Reggio case is distinguishable from the instant case. In Reggio, supra, the audio-videotape admitted into evidence did not depict a plaintiff immediately after his accident when his condition was most severe. Rather, it was admitted only to depict treatment which he was currently undergoing two weeks prior to trial. To equate the audio-videotape admitted in Reggio, supra, with the audio-videotapes made subject of this application is not a fair comparison.
After careful review and due consideration, we must rule that the probative value of these audio-videotapes is far outweighed by their inflammatory and prejudicial nature. These audio-videotapes would, without doubt, incite extreme sympathy for these three plaintiffs and would easily inflame the average person. In reaching this conclusion, we adopt the reasons articulated by the court in Thomas, supra, as cited above, as our own. Keeping in mind, however, that the determination on the admissibility into evidence of audio-videotapes is to be done on a case-by-case basis depending upon the individual facts and circumstances of each case.
Accordingly, for the foregoing reasons, the prior rulings admitting into evidence the audio-videotapes of Tim J. Youngwirth, Kevin Novak and Oliver Watson are hereby reversed, specifically ruling such tapes inadmissible as we find their prejudicial effect outweighs their probative value. This matter is remanded for further proceedings not inconsistent with this ruling and all costs are to await the final outcome of this case.
REVERSED AND REMANDED.